## SUNDSTRAND v. GUBELMANN.

(Court of Appeals of District of Columbia. Submitted May 12, 1924. Decided February 2, 1925.)

No. 1603.

Patents ⊚=113(6)—Failure to show that delay in copying claims from patent was due to special circumstances may be raised for first time on appeal.

Junior party, appealing from decision awarding priority to senior party in interference proceeding, could rely on senior party's failure to show that his failure to copy claims from junior party's patent within two years from issuance thereof was due to special circumstances justifying delay, though question was not raised below, since showing of special circumstances justifying such delay is jurisdictional.

Smith, Acting Associate Justice, dissenting.

Appeal from Commissioner of Patents.

Interference proceeding between Gustaf David Sundstrand and William S. Gubelmann. From a decision awarding priority to the latter, the former appeals. Reversed.

L. B. Smith, of Chicago, Ill., and G. E. Tew, of Washington, D. C., for appellant.

C. L. Sturtevant, of Washington, D. C., and A. A. Dicke, of New York City, for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Acting Commissioner of Patents in an interference proceeding, reversing the decision of the Examiners in Chief and awarding priority to the appellee Gubelmann.

Sundstrand's original application was filed March 14, 1914, and a patent containing the claims of the issue was granted September 26, 1916. Gubelmann copied these claims on November 23, 1918, but made no showing that his failure to copy them within two years from the issuance of the patent was due to special circumstances justifying the delay. Chapman v. Wintroath, 252 U. S. 126, 139, 40 S. Ct. 234, 64 L. Ed. 491; Webster Co. v. Splitdorf Co., 264 U. S. 463, 471, 44 S. Ct. 342, 68 L. Ed. 792. In behalf of Gubelmann it is contended that appellant is estopped to insist upon that issue here, not having raised it below. To this we cannot assent. Unless a showing is made of special circumstances justifying the delay in copying claims from an issued patent, the two-year limit applies, and there is no basis for the declaration of an interference, so that the award of a patent in such a situation would be an idle ceremony. It is apparent, therefore, that this jurisdictional question may be raised at any time.

Chapman v. Beede, 54 App. D. C. 209, 296 F. 956, is not in point, since it there appeared that the subject-matter of the copied claims was disclosed and claimed in a copending application.

The decision is reversed.

Reversed.

SMITH, Acting Associate Justice (dissenting). I regret exceedingly that I find myself unable to agree with the prevailing opinion in this case.

On September 19, 1916, a patent was issued to Gustaf D. Sundstrand for an adding and listing machine. On the 23d of November, 1918, William S. Gubelmann filed an amendment in the Patent Office to his application, filed September, 1912, in the Patent Office, and said amendment copied three of the claims of the Sundstrand patent. That amendment was received by the Patent Office without objection, and therefore the Examiner of Interferences declared the existence of an interference between Gubelmann's application and the Sundstrand patent. On the 1st of April, 1920, Sundstrand moved to dissolve the interference on the ground that Gubelmann had no right to make the claims corresponding to the counts of the issue, and that there was no interference in fact between the application of Gubelmann and the patent to Sundstrand. The motion was based solely on the proposition that the counts of the issue were not within the disclosure of Gubelmann, and was not made on the ground that Gubelmann was guilty of laches.

The Law Examiner denied the motion to dissolve, and the Examiner of Interferences awarded priority of invention to Gubelmann. From that decision an appeal was taken to the Examiners in Chief, who reversed the decision of the Examiner of Interferences and awarded priority to Sundstrand. From the decision of the Examiners in Chief Gubelmann appealed to the Commissioner of Patents, who reversed the decision of the Examiners in Chief and sustained that of the Examiner of Interferences. Apparently, therefore, the question of laches was not raised by the Examiner of Interferences and was not presented by the motion to dissolve. More than that, it was not discussed or decided by any of the tribunals of the Patent Office.

If the Examiner had refused to accept Gubelmann's amendment, or if he had declined to declare an interference on the ground of laches, Gubelmann might have been allowed to amend his application by setting up satisfactory reasons for his delay in copying the claims of the Sundstrand patent, or if he had been denied leave to amend he might have filed a new application, setting up facts which would have legally excused his delay. On the other hand, if Sundstrand's motion to dissolve the interference had been based on Gubelmann's laches, the latter would have been in a position to submit evidence establishing that the delay in presenting these claims was due to circumstances beyond his control, or that he had not slept on his rights without reasonable excuse.

Whether laches exists depends on the facts and circumstances of each case (Webster v. Splitdorf, 264 U. S. 463–471, 44 S. Ct. 344, 68 L. Ed. 792), and it seems to me that we cannot dispose of this appeal on that ground, inasmuch as no such issue was raised by the motion to dissolve. If the issue had been raised, for all that we know, or can know, the appellee might have fully and satisfactorily accounted for his delay in copying the claims of the patent of the junior party. We have before us no evidence of laches, other than the date of Sundstrand's patent and the date of Gubelmann's amendment containing the copied counts, and while that possibly would have been enough to justify the Patent Office in refusing to accept the copied claims, or in granting a motion to dissolve the interference, if made on the ground of laches, no satisfactory reason or excuse for the delay being

shown, it does not warrant this court, as I see it, in deciding the case on a matter not put in issue, and not even suggested until after this appeal was perfected.

In short, I am of the opinion that Gubelmann was not bound to anticipate a charge of laches, and that he was not bound to meet any such issue until it was raised, either by the patent officials or by a motion of the adverse party to dissolve the interference. To hold otherwise would result in deciding that Gubelmann was guilty of laches, although that question was not made an issue in any way in the Patent Office, thereby leaving Gubelmann without any opportunity to meet it or present his side of the case. If two years was a statutory bar to the copying of the claims of a subsequent patent, we might probably decide the case on the record; but it is not a statutory bar, and whether or not there was unreasonable delay in copying the counts seems to be a question of fact, which can be determined only after laches has been made an issue and an opportunity to be heard on the matter has been given. See Webster v. Splitdorf, supra.

I cannot bring myself to believe that the failure of Gubelmann to allege in his application the facts and circumstances which justified his delay in filing it was jurisdictional. But, if it was jurisdictional, can it be said that his failure in that particular deprived him of all right to relief, and that he could neither amend his application nor file a new one?