**O'BRIEN v. BONELLI.**

(Court of Appeals of District of Columbia. Submitted January 17, 1927. Decided March 7, 1927.)

No. 1926.

Patents ⟨⟩106(1)—Applicant for patent held not entitled to maintain interference proceeding more than two years after grant of patent to adverse party.

Applicant for patent *held* not entitled to maintain interference proceeding more than two years after grant of patent to adverse party thereto, in absence of showing of special circumstances justifying delay.

Appeal from the Commissioner of Patents.

Interference proceeding between Joseph J. O'Brien and George A. Bonelli. From a decision of the Commissioner of Patents in favor of the latter, the former appeals. Affirmed.

J. J. O'Brien, of Springfield, Mass., for appellant.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal in an interference proceeding. The invention relates to certain improvements in forms for structures for plastic material and methods of building continuous conduits. The controlling question in the instant appeal, however, does not require a detailed description of the involved inventions.

O'Brien filed his application on September 16, 1918; Bonelli filed on November 29, 1919. On January 17, 1922, no interference having been declared between the

two applications in the meantime, a patent was granted to Bonelli upon his application. On August 21, 1924, notwithstanding that more than two years had elapsed after the date of Bonelli's patent without an interference proceeding, the Examiner instituted such a proceeding between the parties; O'Brien copying Bonelli's claims. On May 25, 1925, priority was awarded to O'Brien, but afterwards the Examiner vacated this award, upon the ground that O'Brien had no right to maintain the interference, for the reason that more than two years had elapsed after the granting of Bonelli's patent before the interference was instituted. O'Brien then filed an affidavit for the purpose of showing circumstances which would justify the delay, and moved that the Examiner's order be vacated. This motion was overruled by the Examiner, and also by the Commissioner of Patents, and priority was awarded to Bonelli. O'Brien undertook to appeal to the Board of Examiners in Chief, but the appeal was not entertained. He then appealed to this court.

The decisive question is whether O'Brien was entitled to be heard in the interference proceeding, in view of the fact that more than two years had passed after the granting of Bonelli's patent, without the declaration of such an interference. This question is answered in the negative by Sundstrand v. Gubelmann, 55 App. D. C. 200, 4 F.(2d) 166, wherein this court held that, in the absence of special circumstances justifying the delay in copying claims from an issued patent, the two-year limitation applies, and there is no basis for the declaration of an interference. This question was held to be jurisdictional, such as could be raised at any time in the case. Under that authority we hold that the order of the Examiner declaring the interference was void, unless a showing was made of special circumstances justifying the delay. The Commissioner held that O'Brien's affidavit was insufficient to justify the delay, and we think there was no abuse of discretion in this ruling.

We are therefore of the opinion that O'Brien was not entitled to proceed with the interference under the circumstances, and we affirm the decision of the Commissioner of Patents.

Affirmed.